JOHN C. FARR, JR.,

*v.,*

THERESA HAUENSTEIN and LOUIS C. HAUENSTEIN.

[Decided November 16th, 1905.]

Money used by a husband in paying taxes, interest on mortgage and other encumbrances on the property of his wife—*Held*, under the evidence, his money, and not entrusted to him by another for that purpose, so that his creditors have a lien on such property to the extent of payments made.

*Mr. Leon Abbett,* for the complainant.

*Mr. James F. Minturn,* for the defendants.

GARRISON, V. C.

The issues made by the pleadings in this suit were determined on the 29th day of June, 1905, and the views of the court con-

cerning the same will be found reported in 69 *N. J. Eq.* 740. It was decided that "with respect to the expenditures made by the husband of his own money in the payment of taxes, interest on the mortgage, and other encumbrances on this property * * * the complainant, as a creditor, has a right to have a charge against the property for such sums."

The case was referred to a master to ascertain the moneys of the husband expended to pay taxes, interest on mortgage, &c., on this property. The master took the testimony and has returned the same.

The master did not definitely report with respect to the ownership of the moneys found by him to have been paid by Louis C. Hauenstein, the husband, on account of the interest, taxes, &c., due upon the property.

A further order was then made referring the cause back to the master for a definite finding upon this point. The master was unable to make such definite finding because the testimony before him was mainly with respect to the fact of payment, while the testimony which had been previously taken before the court concerned the source of the moneys. The master properly did not consider the testimony which had been taken before the court, and was not able, from the testimony taken before him, to definitely report upon the ownership of the moneys.

The matter was then brought before the court for final determination upon an application to settle the decree upon the pleadings and proofs, including the proofs taken before the master.

From such proofs I find the facts to be that since the date of the judgment, Louis C. Hauenstein, Sr., has paid interest on the mortgage upon the property in question aggregating $1,475, and taxes and assessments upon the same property, within the same period, aggregating $697.29.

The amount due upon the judgment held by the complainant is $1,292.22, with interest thereon from the 7th day of August, 1890.

In the testimony of the defendant, Louis C. Hauenstein, it clearly appears that he obtained the money to make these payments either from his own funds—that is to say, money earned by himself—or from moneys borrowed by him from his son

Louis. This is corroborated by the testimony of his son Louis, who testifies that he helped his father out by loaning him money, and that he advanced money to his father.

The moneys which Louis C. Hauenstein, Sr., the husband, paid on account of his wife's property for taxes and interest were either his own moneys, earned by himself, or were moneys borrowed by him. He seeks to create the impression that these moneys were either moneys of a partnership composed of himself and his son Louis, or were moneys of his son Louis, Jr., directly contributed by his son, through him as a mere agent, for the purpose of paying these liens or encumbrances against the property the title to which was in the name of Theresa Hauenstein.

With respect to the alleged partnership between the father and son, the proofs show that while the father carried on business under the name of Louis C. Hauenstein & Company, it was, as he termed it, a mere family arrangement, there being no shares, and was, I think it clearly appears, a mere guise under which the father did business. The son's testimony is that his father wanted to start in the business, and he set him up in it. He clearly states that he was not to get any salary or draw anything from the business, and while, as between him and his father, he may have some rights as a partner, it nowhere appears that the moneys which were used to pay the taxes and the interest were moneys of this alleged partnership. In fact, the son directly testifies that he has advanced his father, by way of loan, money in the neighborhood of $1,700, and negatives any idea that he was himself paying any taxes or other items through his father as an agent.

I therefore reach the conclusion that the moneys which Louis C. Hauenstein, Sr., paid for interest on the mortgage, and for taxes and assessments upon the property, were his moneys, and that, to the extent of the aggregate of such payments, the complainant has a lien against the property standing in the name of Theresa Hauenstein, and that unless, within thirty days after the service upon the defendants of a copy of the decree made in this suit, they pay to the complainant the amount specified in said decree, the property in question may be sold to raise and pay the said sum.